1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JAMES GLISSON,

11             Plaintiff,                    No. CIV S-05-1328 KJM

12        vs.

13
    JO ANNE B. BARNHART,
14  Commissioner of Social Security,

15             Defendant.                    ORDER
    _____/
16

17             Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18  Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and

19  Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

20  ("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for

21  summary judgment or remand and grant the Commissioner's cross-motion for summary

22  judgment.

23  /////

24  /////

25  /////

26  /////

I. Factual and Procedural Background

In a decision dated July 29, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has a severe impairment of degenerative lumbar disc disease but this impairment does not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff has the residual functional capacity to perform medium work with occasional postural limitations; plaintiff can perform his past relevant work as a parking lot supervisor; and plaintiff is not disabled.  Administrative Transcript ("AT") 19-20.  Plaintiff contends the ALJ improperly assessed his residual functional capacity,

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1    improperly determined he could perform his past relevant work, and improperly discredited his

2    subjective complaints.

3    II.   Standard of Review

4            The court reviews the Commissioner's decision to determine whether (1) it is

5    based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

6    record as a whole supports it.   Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

7    Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

8    Substantial evidence means more than a mere scintilla of evidence, but less than a

9    preponderance.   Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

10   Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).   "It means such relevant evidence as a

11   reasonable mind might accept as adequate to support a conclusion."   Richardson v. Perales, 402

12   U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

13   197, 229, 59 S. Ct. 206 (1938)).   The record as a whole must be considered, Howard v. Heckler,

14   782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

15   detracts from the ALJ's conclusion weighed.   See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

16   1985).   The court may not affirm the ALJ's decision simply by isolating a specific quantum of

17   supporting evidence.   Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).   If

18   substantial evidence supports the administrative findings, or if there is conflicting evidence

19   supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

20   Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

21   improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

22   1335, 1338 (9th Cir. 1988).

23   III.   Analysis

24        A.   Residual Functional Capacity

25            Plaintiff contends the ALJ did not properly consider whether he could sustain

26   medium work activity.   Social Security Ruling 96-8p sets forth the policy interpretation of the

3

1  Commissioner for assessing residual functional capacity.  SSR 96-8p.  Residual functional

2  capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R.

3  §§ 404.1545(a), 416.945(a); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985)

4  (residual functional capacity reflects current "physical and mental capabilities").

5          The ALJ found plaintiff could perform medium work with occasional postural

6  limitations.  The ALJ relied on the opinions of examining physician Dr. Mihelson and two state

7  agency physicians.  AT 16, 18, 110-115, 118-125, 189-202.  In relying on these opinions, the

8  ALJ properly rejected the opinions of examining physician Dr. Portwood and examining

9  psychologist Dr. Finkel.  AT 183-187, 214-217.

10         A contradicted opinion of a treating or examining professional may be rejected for

11  "specific and legitimate" reasons, that are supported by substantial evidence.  Lester, 81 F.3d at

12  830.  Where an examining physician's opinion is contradicted by a supported examining

13  professional's opinion (e.g., supported by different independent clinical findings), the ALJ may

14  resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes

15  v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).   The ALJ rejected Dr. Portwood's limitations on

16  standing and repetitive motions because no medical records were provided to Dr. Portwood and

17  her opinion was based solely on plaintiff's subjective complaints and her physical examination.

18  AT 16, 214.  As discussed below, plaintiff's subjective complaints were properly discredited.

19  The ALJ also noted that Dr. Portwood's own clinical findings were inconsistent with plaintiff's

20  subjective complaints, including no evidence of neurologic sequelae and no specific

21  dermatologic distribution.  AT 16-17, 217.  The ALJ also noted the normal neurologic exam in

22  November 2002, and that plaintiff's back problems were treated only with physical therapy and

23  medications and plaintiff reported feeling stronger with this treatment.  AT 17, 146, 149, 158-

24  159.  These reasons were adequate for rejecting Dr. Portwood's opinion.

25         The ALJ also rejected examining psychologist Dr. Finkel's opinion that plaintiff's

26  concentration and ability to attend to a regular work schedule were moderately impaired.  AT 18,

4

1   186.  The ALJ rejected these two limitations because they were inconsistent with the doctor's

2   clinical findings, which indicated attention and concentration were within the average range.  AT

3   186.  The ALJ also noted Dr. Finkel made no psychological diagnosis, nor was there any

4   treatment or acknowledgment by plaintiff of symptoms of depression or anxiety.  AT 186.  The

5   ALJ also relied on the opinion of the state agency psychiatrist who found no mental impairment.

6   AT 18, 189.  The reasons set forth for rejecting the opinions of Drs. Portwood and Finkel are

7   specific and legitimate.  The ALJ thoroughly analyzed the record and the residual functional

8   capacity finding is supported by substantial evidence.

9        B.  Past Relevant Work

10       Plaintiff also contends the ALJ improperly determined he could perform his past

11   relevant work.  In determining whether plaintiff can perform past relevant work, the ALJ must

12   make the requisite factual findings to support his conclusion.  Pinto v. Massanari, 249 F.3d 840,

13   844 (9th Cir. 2001).  "This is done by looking at the 'residual functional capacity and the

14   physical and mental demands' of the claimant's past relevant work."  Pinto, 249 F.3d at 844-45

15   (citing 20 C.F.R. §§ 404.1520(e) and 416.920(e)).  The claimant must be able to perform: (1) the

16   actual functional demands and job duties of a particular past relevant job, or (2) the functional

17   demands and job duties of the occupation as generally required by employers throughout the

18   national economy.  Id. at 845 (citing S.S.R. 82-61).  "Social Security Regulations name two

19   sources of information that may be used to define a claimant's past relevant work as actually

20   performed: a properly completed vocational report, S.S.R. 82-61, and the claimant's own

21   testimony, S.S.R. 82-41."  Id.  "[T]he best source for how a job is generally performed is usually

22   the Dictionary of Occupational Titles ["DOT"]."  Id. at 845-46 (citing Johnson v. Shalala, 60

23   F.3d 1428, 1435 (9th Cir. 1995) and 20 C.F.R. §§ 404.1566(d) and 416.966(d)).

24       In this case, the ALJ determined plaintiff could perform his past relevant work as

25   a parking lot attendant.  In doing so, the ALJ relied on plaintiff's description of his job duties,

26   which included setting up traffic cones, directing traffic, trouble shooting and supervising five to

5

1    forty individuals.  AT 19, 82, 257-258.  The ALJ noted that the position of parking lot attendant

2    as described in the DOT requires a residual functional capacity for light work, which is subsumed

3    within the capacity for medium work assessed by the ALJ.  AT 19, 95; see 20 C.F.R.

4    §404.1567(c).  The job, as described by plaintiff and the DOT, also does not exceed the

5    limitation to occasional bending, kneeling, stooping, crouching and crawling as assessed by the

6    ALJ.  AT 20, 95.  As such, there was no error in the finding plaintiff could perform his past

7    relevant work.

8              Plaintiff also contends that the ALJ's finding is inconsistent with Dr. Portwood's

9    assessment.  The ALJ properly rejected Dr. Portwood's assessment.  Moreover, the ALJ correctly

10   noted that plaintiff could perform his past relevant work even if Dr. Portwood's limitations were

11   adopted.  AT 19.  Dr. Portwood found plaintiff could perform a job in which he would be able to

12   change his position but could not stand for prolonged periods.  AT 217.  How long a period

13   would be considered by Dr. Portwood to be "prolonged" is undefined in her report.  AT 214-217.

14   His past work, as described by plaintiff, required standing for the time periods before and after a

15   game during which there was moving traffic.  AT 257-258.  Even if this period were considered

16   prolonged, plaintiff would still be able to change his position, a limitation consistent with Dr.

17   Portwood's assessment.  The other limitations assessed by Dr. Portwood, including not using the

18   hands for repetitive motion or keying, would not preclude plaintiff's past relevant work as a

19   parking lot attendant, as described by plaintiff.  There was no error in the step four analysis.

20       C.  Credibility

21              Plaintiff further contends the ALJ improperly rejected his subjective complaints.

22   The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's

23   discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v.

24   Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit

25   credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.

26   Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

6

1  supported by "a specific, cogent reason for the disbelief").

2         In evaluating whether subjective complaints are credible, the ALJ should first

3  consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

4  F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

5  the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

6  medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

7  (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

8  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

9  prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

10  1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

11  55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

12  and effect of symptoms, and inconsistencies between testimony and conduct also may be

13  relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

14  to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

15  the ALJ in determining whether the alleged associated pain is not a significant nonexertional

16  impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may

17  rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458

18  (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172,

19  177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering,

20  the Commissioner's reasons for rejecting the claimant's testimony must be clear and

21  convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.

22  1999).

23         Plaintiff contends the ALJ's decision is totally devoid of a credibility finding.

24  Plaintiff is incorrect.  The ALJ set forth a detailed credibility analysis.  AT 18-19.  The ALJ

25  considered plaintiff's activities of daily living.  While plaintiff is correct that an applicant for

26  disability benefits need not vegetate in a dark room to be considered disabled, see Cooper v.

7

1  <u>Bowen</u>, 815 F.2d 557, 561 (9th Cir.1987), plaintiff focuses solely on his oral testimony.  The

2  ALJ, on the other hand, reasonably factored into the credibility analysis plaintiff's report to the

3  examining psychologist that his days are occupied with housework and yardwork.  AT 19, 184,

4  186.  The ALJ also noted the inconsistencies with respect to the testimony of plaintiff and his

5  sister regarding claimed mental limitations, whereas the medical record demonstrates no

6  psychiatric care and plaintiff's claim of impaired intellectual functioning was inconsistent with

7  his being awarded sole custody of his children and raising them from infancy.  AT 19, 255, 290.

8  Further considered by the ALJ were plaintiff's inconsistent statements regarding pain.  AT 186

9  (only moderate pain reported to examining psychologist), 271-274 (plaintiff testified to disabling

10  pain).  The ALJ also reasonably considered plaintiff to be attempting to present himself as more

11  limited than he is because when testifying he claimed he had no GED but reported to an

12  examining physician he had a high school education.   AT 19, 214, 256.  The factors considered

13  by the ALJ all were valid and supported by the record.  The ALJ's credibility determination was

14  based on permissible grounds and will not be disturbed.

15          The ALJ's decision is fully supported by substantial evidence in the record and

16  based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

17          1.  Plaintiff's motion for summary judgment or remand is denied, and

18          2.  The Commissioner's cross-motion for summary judgment is granted.

19  DATED:  September 20, 2006.


                                        _____
                                        UNITED STATES MAGISTRATE JUDGE




006
glisson.ss